

# The Attorney General
## of Texas

### Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

October 10, 1961

Honorable Brandon Bickett
County Attorney
Blanco County
Johnson City, Texas

Opinion No. WW-1162

Re: Whether it is legal for a
county to purchase rights
of way and build fences on
State and Federal highways
and farm to market roads
out of the county highway
sinking fund and the
county's five cent special
sinking fund.

Dear Sir:

We refer to your inquiry of September 13, 1961, which is as follows:

"Whether it is legal for a county to purchase right of ways and build fences on State and Federal highways and farm to market roads out of the county highway sinking fund and the county's five cent special sinking fund."

In a subsequent letter dated September 19, 1961, you supplied the following information:

". . . . Blanco County Warrants for both funds were issued in 1955 in the amount of $10,000.00. As of this date they are paid down to $4,000.00. The next warrant becomes due April 1, 1962. The principal and all interest is currently paid to date."

The answer to your request requires a reading of Article 7520, Vernon's Civil Statutes, as amended by Acts 1955, Page 303, Chapter 113, Sec. 1, which is in part as follows:

"Any county, or any political subdivision of a county, or any road district that has been or may hereafter be created by any General or Special Law, is hereby authorized to issue bonds for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, in any amount not to

exceed one-fourth of the assessed valuation of the real property of such county or political subdivision or road district, and to levy and collect ad valorem taxes to pay the interest on such bonds and provide a sinking fund for the redemption thereof. Such bonds shall be issued in the manner hereinafter provided, and as contemplated and authorized by Section 52, of Article 3 of the Constitution of this State.  . . . Provided when the principal and all interest on said bonds are fully paid, in the event there is any surplus remaining in the sinking fund, said remaining surplus not used in the full payment of the principal and interest on said bond or bonds may be used by the county, . . ."

It is clear that the Legislature intended that no additional expenditure shall be made out of the sinking funds created under this statute, except for the retirement of the bonds (and/or time warrants issued on the indebtedness,) until the complete amount of principal and interest has been fully paid.  Where all bonds and interest thereon have not been paid, the fund may not be used for any other purpose.

We further refer you to Attorney General's Opinion No. O-6075 (1944) which reads in part as follows:

". . . said funds, . . . cannot be used for any purpose except to pay the interest on outstanding bonds or for redeeming same, or for the investment in securities as provided by law.  Until all outstanding bonds and interest thereon are fully paid from the funds, it retains its identity as a 'sinking fund,' the county treasurer could not honor a draft against said sinking fund . . . for any purpose except to pay interest on outstanding bonds, or for redeeming same, or for investment in securities as authorized by law.  . . ."

Thus, we are of the opinion that it would not be legal for a county to purchase rights of way and build fences on State and Federal highways and farm to market roads out of the county highway sinking fund and the county's five cent special school fund under the statute.  So long as there remains any outstanding principal or interest, the fund may not be diverted for any purpose.

S U M M A R Y

A county cannot make expenditures out of
county sinking funds falling under Article
752A, Vernon's Civil Statutes, for any pur-
pose except for the retirement of bonds or
time warrants until the full amount of all
principal and interest on the bonds or time
warrants has been paid.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Eugene B. Smith
Assistant

EBS:dhs:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Bob Shannon
Martin DeStefano
John Steinberger

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.